# EXHIBIT B

Filed
9/14/2023 10:44 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Dreamy Jose

CAUSE NO. 23-DCV-308681

| | | |
|---|---|---|
| MARY LOU NIMMONS,<br>**Plaintiff** | §<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **V.** | §<br>§ | |
| **STATE FARM LLOYDS,**<br>**Defendant** | §<br>§<br>§<br>§<br>§ | **FORT BEND COUNTY, TEXAS**<br><br>Fort Bend County - 268th Judicial District Court<br>_____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COMES NOW, Plaintiff, Mary Lou Nimmons, and files this Original Petition against Defendant, State Farm Lloyds ("Defendant"), and in support thereof, Plaintiff respectfully shows the Court as follows:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleads that this suit is governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

### CLAIM FOR RELIEF

2.      Plaintiff seeks monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

### PARTIES

3.      Plaintiff, Mary Lou Nimmons ("Ms. Nimmons"), is an individual residing in Fort Bend County, Texas.

4.      Defendant, State Farm Lloyds ("State Farm"), is an insurance company authorized to conduct insurance business in Texas, and it may be served with process by serving

its designated agent for service of process, CSC-Lawyers Incorporating Services, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## VENUE AND JURISDICTION

5.      Venue is proper in Fort Bend County, Texas because the insured property is located in Fort Bend County, Texas, and obligations under the contract at issue are performed in Fort Bend County, Texas. The amount in controversy is within the jurisdictional limits of the Court. The Court has jurisdiction over Defendant because they engaged in business in Texas by contracting with a Texas resident, and the contract at issue is performed in Texas.

## FACTS

6.      Ms. Nimmons's residence and property is insured under a Texas Homeowners Insurance Policy, Policy No. 83EYF0681 (the "Policy"), issued by Defendant.

7.      Ms. Nimmons owns the insured residence and property which is located at 914 Tori Road in Richmond, Texas 77469 (the "Property").

8.      On or about Sep 14, 2021, wind or hail storm struck Fort Bend County, Texas causing severe damage to homes and businesses throughout the region, including Plaintiff's residence and property.

9.      Plaintiff's roof sustained extensive wind damage during the storm. Water intrusion through the roof caused significant damage throughout the entire property including, but not limited to, ceilings, walls, insulation.

10.     Plaintiff's property also sustained exterior damage during the storm, including but not limited to siding, soffit, fascia and trim.

11.     After the storms, Plaintiff timely filed a claim with Defendant for the damage to her Property caused by the wind or hail storm. Plaintiff requested that Defendant cover the cost

of the repairs to the Property pursuant to the terms of the Policy.

12.     Defendant wrongfully denied Plaintiff's claim for damages to the Property, even though the Policy clearly provided coverage for these losses suffered by Plaintiff.

**CLAIMS**

**I.  BREACH OF CONTRACT**

13.     Defendant failed to perform their contractual duties to pay insurance benefits to Plaintiff under the terms of the Policy.  Specifically, they refused to pay the insurance proceeds due under the Policy, even though timely demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy had been carried out by Plaintiff.  To date, Defendant continue to refuse to pay for the damages to the Property.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

14.     Defendant's breach of the Policy and failure to pay the insurance proceeds due under the Policy caused injury and damages to Plaintiff for which she seeks recovery in this case.

15.     Plaintiff also seeks and is entitled to recover reasonable and necessary attorney's fees from Defendant under Chapter 38 of the Texas Civil Practice & Remedies Code.

**II.  FAILURE TO PROMPTLY PAY CLAIM UNDER CHAPTER 542 OF TEXAS INSURANCE CODE**

16.     Defendant had a duty to pay Plaintiff's claim in a timely manner under Chapter 542 of the Texas Insurance Code, Unfair Claim Settlement Practices.

17.     Defendant breached their duty under Chapter 542 by failing to timely pay Ms. Nimmons's claim.

18.     Furthermore, Defendant's failure to acknowledge receipt of Plaintiff's claim,

commence an investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required, within the applicable time constraints, also constitutes a non-prompt payment of the claim and a violation of TEX. INS. CODE §542.055.

19.     Defendant's failure to notify Plaintiff in writing of their acceptance or rejection of Plaintiff's claim, within the applicable time constraints, also constitutes a non-prompt payment of the claim and a violation of TEX. INS. CODE §542.056.

20.     Defendant's delay in the payment of Plaintiff's claim following their receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, also constitutes a non-prompt payment of the claim and a violation of TEX. INS. CODE §542.058.

21.     Plaintiff therefore seeks and is entitled to recover actual damages in the amount of the claim and interest on the claim at the rate of 18 percent a year, together with reasonable and necessary attorney's fees under TEX. INS. CODE §542.060.

### III.  UNFAIR INSURANCE PRACTICES UNDER CHAPTER 541 OF THE TEXAS INSURANCE CODE

22.     Defendant's conduct also violated Chapter 541 of the Texas Insurance Code, Unfair or Deceptive Acts or Practices.

23.     Specifically, Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of TEX. INS. CODE § 541.060(a)(1).

24.     Defendant also failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim when their liability became reasonably clear. Defendant's conduct constitutes a violation of TEX. INS. CODE §541.060(a)(2)(A).

25.     Defendant also failed to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy for their denial of Plaintiff's claim or offer a compromise settlement of Plaintiff's claim. Further, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of TEX. INS. CODE §541.060(a)(3).

26.     Defendant also failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely notification of acceptance or rejection of the claim in writing from Defendant. Defendant's conduct constitutes a violation of TEX. INS. CODE §541.060(a)(4).

27.     Defendant also refused to fully compensate Plaintiff as required under the Policy and Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of TEX. INS. CODE §541.060(a)(7).

28.     Defendant's conduct also constitutes unfair or deceptive acts or practices in the business of insurance and unlawful deceptive trade practices. Plaintiff relied on Defendant's wrongful conduct to her detriment and seeks damages under TEX. INS. CODE §541.151.

29.     Plaintiff seeks and is entitled to recover actual damages from Defendant's for the conduct described above under TEX. INS. CODE §§541.151, 541.152.

30.     Plaintiff also seeks and is entitled to recover reasonable attorney's fees and court costs from Defendant under TEX. INS. CODE §541.152.

31.     Plaintiff also seeks the recovery of three times her actual damages from Defendant under TEX. INS. CODE §541.152 because Defendant knowingly committed the acts complained of above.

32.     Defendant's conduct described above was a producing cause of Plaintiff's damages.

## IV.  BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

33.     Defendant's conduct constitutes a breach of their common law duties of good faith and fair dealing owed to Plaintiff.

34.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim and its unreasonable denial of Plaintiff's claim, when they knew or should have known, through the exercise of reasonable diligence, that their liability was reasonably clear, constitutes a breach of their duty of good faith and fair dealing for which Plaintiff seeks the recovery of damages in this case.

35.     Specifically, Plaintiff seeks the recovery of actual damages, mental anguish damages, economic damages, loss of policy benefits, exemplary damages, interest, and court costs due to Defendant's breaches of their duties of good faith and fair dealing.

## CONDITIONS PRECEDENT

36.     All conditions precedent for recovery under Plaintiff's claims have been performed or have occurred.

## JURY DEMAND

37.     Plaintiff demands a jury trial and tenders the appropriate fee with this Petition.

## RULE 193.7 NOTICE

38.     Plaintiff hereby gives actual notice to Defendant that any and all documents

produced may be used against Defendant at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## REQUEST FOR DISCLOSURE

39.     Defendant is hereby requested to disclose the information and materials described in Texas Rule of Civil Procedure 194.2 within the deadlines prescribed by that rule.

## PRAYER

For these reasons, Plaintiff asks that Defendant be cited to appear and answer and that Plaintiff have judgment against Defendant for the following:

1.  Actual damages;
2.  Breach of contract damages;
3.  Benefit of the bargain damages;
4.  Attorney's fees;
5.  Mental anguish damages and damages for emotional distress;
6.  Economic damages and losses due to nonpayment of Plaintiff's claim;
7.  Loss of policy benefits;
8.  Interest on the amount of Plaintiff's claim at the rate of 18 percent a year;
9.  Exemplary damages;
10.  Three times the amount of Plaintiff's actual damages;
11.  Statutory damages under the Texas Insurance Code;
12.  Prejudgment and post judgment interest; and
13.  Court costs

Respectfully submitted,

Cristobal M. Galindo, P.C

Cristobal M. Galindo
Texas Bar No.  24026128
4151 Southwest Freeway, Suite 602
Houston, Texas 77027
T: 713.228-3030 / F: 713.228-3003
E-Mail: hurricane@galindolaw.com
**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cristobal Galindo on behalf of Cristobal Galindo
Bar No. 24026128
hurricane@galindolaw.com
Envelope ID: 79544986
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition and Request for Disclosure
Status as of 9/14/2023 11:36 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cristobal MGalindo | | hurricane@galindolaw.com | 9/14/2023 10:44:16 AM | SENT |



**BEVERLEY MCGREW WALKER**

District Clerk
Fort Bend County, Texas
301 Jackson Street, Room 101
Richmond, Texas 77469

Physical: 1422 Eugene Heimann Circle
Richmond, TX 77469

**OFFICIAL BUSINESS**

Penalty for Private Use



CERTIFIED MAIL®

NORTH HOUSTON TX 773

9314 8699 0430 0112 2587 37

RETURN RECEIPT (ELECTRONIC)

US POSTAGE PITNEY BOWES

ZIP 77469 $ 007.42⁰
02 4W
0000369802 SEP. 19. 2023

STATE FARM LLOYDS
C/O CSC LAWYERS INCORPORATING SERVICES
211 E. 7TH STREET, STE. 620
AUSTIN, TX 78701-3218

**THE STATE OF TEXAS**

**CITATION**

TO:   STATE FARM LLOYDS
      C/O DESIGNATED AGENT CSC-LAWYERS INCORPORATING
      SERVICES 211 E 7TH STREET SUITE 620
      AUSTIN TX  78701-3218

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** filed on **SEPTEMBER 14, 2023**, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the 268TH **JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **23-DCV-308681** and is styled:

**MARY LOU NIMMONS V. STATE FARM LLOYDS**

The name and address of the attorney for **PLAINTIFF** is:

**CRISTOBAL M GALINDO**
**CRISTOBAL M GALINDO PC**
**4151 SOUTHWEST FREEWAY SUITE 602**
**HOUSTON TX  77027**
**(713) 228-3030**

The nature of the demands of said  **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 19th day of September, 2023.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Amy Segura_
**Deputy District Clerk Amy L. Segura**
**Telephone: (281) 633-7634**

**SERVICE**

23-DCV-308681                                     268th Judicial District Court
Mary Lou Nimmons V. State Farm Lloyds

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the _____at _____ o'clock and executed _____

_____,on the _____, by delivering to the within named _____

_____ by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this

citation together with the accompanying copy of the petition were attached thereto.

Fee.......... $ _____

CMRRR# _____

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
<u>Physical Address:</u>
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
<u>Mailing Address:</u>
301 Jackson Street, Room 101
Richmond, Texas 77469

By:_____
**Deputy District Clerk** Amy L. Segura

---

<u>**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**</u>
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is
            (First, Middle, Last)

_____, and my address is _____
                                                  (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____,

on the _____ day of _____.

                                        _____
                                        Declarant / Authorized Process Server

                                        _____
                                        (Id # & expiration of certification)

## SERVICE

Citation (By Certified Mail) issued to State Farm Lloyds on 9/19/2023.

Filed
10/16/2023 10:19 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Ashley Alaniz

## CAUSE NO. 23-DCV-308681

| | | |
|---|---|---|
| MARY LOU NIMMONS, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | |
| *Defendant*. | § | 268TH DISTRICT COURT |

---

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER AND JURY DEMAND

---

Defendant State Farm Lloyds ("State Farm") files this Original Answer.

### I.
### GENERAL DENIAL

1.      Defendant generally denies all material allegations contained in Plaintiff's Original Petition, and any amendment thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendant requires Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendment thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.      **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove the actual cash value of damage resulting from the reported occurrence of accidental direct physical loss to the insured property. Plaintiff lacks proof of damages resulting from any accidental direct physical loss from the reported occurrence beyond those damages found and paid by State Farm under the Policy.

3.      **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

4.      **Payment.** Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of Defendant's payments to Plaintiff, including without limitation Defendant's payment of $2,824.47 in August 2022, State Farm's voluntary payment of statutory interest, and State Farm's handling and payment of Plaintiff's prior claim for interior damage in February 2021.

5.      **Deductible/Offset.** Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiff's $5,745.00 deductible.

6.      **Loss Settlement Provision/Condition: Replacement Cost Benefits**. Under the Insuring Agreement, Plaintiff must first repair or replace the damaged property to recover replacement cost benefits and the Policy limits such coverage to costs "necessarily" spent to repair the damaged property. The Policy specifically provides:

**SECTION I - LOSS SETTLEMENT**

Only the **Loss Settlement Provisions** shown in the *Declarations* apply. *We* will settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and *we* will not pay, any amount for *diminution in value*.

**COVERAGE A – DWELLING**

1.  **A1 – Replacement Cost Loss Settlement – Similar Construction.**

    a.  *We* will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the *Declarations*, the damaged part of the property covered under **SECTION I – PROPERTY COVERAGES**, **COVERAGE A – DWELLING**, except for wood fences, subject to the following:

        (1) until actual repair or replacement is completed, *we* will pay only the *actual cash value* of the damaged part of the property, up to the

applicable limit of liability shown in the *Declarations*, not to exceed the cost to repair or replace the damaged part of the property;

(2) when the repair or replacement is actually completed, *we* will pay the covered additional amount *you* actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the *Declarations*, whichever is less;

(3) to receive any additional payments on a replacement cost basis, *you* must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and give prompt notice to *us* after the work has been completed; and

(4) *we* will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair, or demolition of a *building structure* or other structure, except as provided under **OPTIONAL POLICY PROVISIONS**, **Option OL – Building Ordinance or Law**.

b.  Wood Fences: *We* will pay the *actual cash value* for loss or damage to wood fences, not to exceed the limit of liability shown in the *Declarations* for **COVERAGE A – Other Structures**.

Plaintiff lacks proof of completed repairs or replacement to any covered property damage connected with her insurance claim within two years after the reported date of loss. The most Plaintiff can recover under the Policy is the actual cost of Plaintiff's necessary repairs. As such, Plaintiff's recovery in this case, if any, is limited to the actual cash value of the covered property damage.

7.      **Ongoing Leakage and Seepage from HVAC and Plumbing Systems.** Defendant is not liable, in whole or in part, for the damages claimed in Plaintiff's original petition because they consist of and were caused by ongoing maintenance, leakage and seepage issues with Plaintiff's HVAC system and plumbing system, causing even previously repaired conditions to become wet again and continuing to damage unrepaired water damage. Specifically, Plaintiff's Policy provides:

**SECTION I – LOSSES NOT INSURED**

1.  *We* will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the

perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

f.  seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:

(1) and is:

(a) continuous;
(b) repeating;
(c) gradual;
(d) intermittent;
(e) slow; or
(f) trickling; and

(2) from a:

(a) heating, air conditioning, or automatic fire protective sprinkler system;
(b) household appliance; or
(c) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.

*We* also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time; However, *we* will pay for any resulting loss from items a. through l. unless the resulting loss is itself a Loss Not Insured as described in this Section.

8.     **Wear and Tear, Deterioration and Settlement.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by wear and tear and related aging issues. The policy at issue provides that wear and tear does not fall under the coverage of the policy:

**SECTION I – LOSSES NOT INSURED**

1.  We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

\* \* \* \* \*

g. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown…

i. wet or dry rot; . . .

k. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings. . .

Part of the property damages Plaintiff is claiming to their roof occurred over time through wear and tear, deterioration and settlement or cracking from settlement. These conditions are not insured under the policy at issue.

9. **No Accidental Direct Physical Loss.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, include conditions that do not constitute accidental direct physical loss. The policy at issue provides that where there is no damage as a result of accidental direct physical loss to the property there is no coverage under the policy:

### SECTION I – LOSSES INSURED

### COVERAGE A – DWELLING

*We* will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. Accidental means happening by chance, unexpectedly, and/or unintended from *your* standpoint. However, loss does not include and *we* will not pay for, any *diminution in value.*

Part of the damages Plaintiff is claiming did not sustain damage as a result of accidental direct physical loss. These portions of the insured property are not covered under the Policy at issue.

10. **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including for violations of the Texas Insurance Code or any other statutory or common law authority.

11.    **Cap on Punitive Damages.** TEX. CIV. PRAC. AND REM. CODE §41.001, *et seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and the common law. Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**JURY DEMAND**

Defendant demands a trial by jury and tenders the appropriate fee.

**PRAYER**

Defendant prays that Plaintiff takes nothing by her claims and such other further relief to which Defendant may show itself to be justly entitled to, in law and in equity.

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**

By:    */s/ M. Micah Kessler*
       M. Micah Kessler
       State Bar No. 00796878
       Melanie D. Medina
       State Bar No. 24106295
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
Email: mkessler@nck-law.com
Email: mmedina@nck-law.com
**COUNSEL FOR DEFENDANT STATE FARM LLOYDS**

## <u>CERTIFICATE OF SERVICE</u>

      I certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on October 16, 2023 in the manner(s) prescribed below:

Cristobal M. Galindo
Cristobal M. Galindo, P.C.
4151 Southwest Freeway, Suite 602
Houston, Texas 77027
**VIA E-FILE**

_/s/ M. Micah Kessler_
M. Micah Kessler

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tyffeni Nguyen on behalf of M Kessler
Bar No. 00796878
tnguyen@nck-law.com
Envelope ID: 80614599
Filing Code Description: Answer/Response
Filing Description: Defendant State Farm Lloyds' Original Answer and Jury Demand
Status as of 10/16/2023 11:20 AM CST

Associated Case Party: State Farm Lloyds

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Micah Kessler | | mkessler@nck-law.com | 10/16/2023 10:19:30 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Victoria McKenzie | | vmckenzie@nck-law.com | 10/16/2023 10:19:30 AM | SENT |
| Tyffeni Nguyen | | tnguyen@nck-law.com | 10/16/2023 10:19:30 AM | SENT |
| Melanie Medina | | mmedina@nck-law.com | 10/16/2023 10:19:30 AM | SENT |
| Cristobal M.Galindo | | hurricane@galindolaw.com | 10/16/2023 10:19:30 AM | SENT |

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back                    Location : Fort Bend   Help

# REGISTER OF ACTIONS
## CASE NO. 23-DCV-308681

| | | |
|---|---|---|
| Mary Lou Nimmons V. State Farm Lloyds | § <br> § <br> § <br> § <br> § <br> § | Case Type: **Other Civil** <br> Date Filed: **09/14/2023** <br> Location: **268th District Court** |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **Defendant or Respondent** | **State Farm Lloyds** <br><br> Austin, TX 78701-3218 | **Attorneys** <br> **M. Micah Kessler** <br> *Retained* <br> 713-781-2889(W) |
| **Plaintiff or Petitioner** | **Nimmons, Mary Lou** | **Cristobal M Galindo** <br> *Retained* <br> (713) 228-3030(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 09/14/2023 | **Petition       Index # 1** | |
| | *Plaintiff's Original Petition and Request for Disclosure* | |
| 09/14/2023 | **Request       Index # 2** | |
| | *Request for Process* | |
| 09/19/2023 | **Issuance       Index # 3** | |
| | *Citation by C/M Issued to State Farm Lloyds* | |
| 09/19/2023 | **Citation by Certified Mail** | |
| | CMRRR# 9314 8699 0430 0112 2587 37 | |
| | State Farm Lloyds | Served | 09/21/2023 |
| | | Returned | 09/22/2023 |
| 09/22/2023 | **Officers Return       Index # 4** | |
| | *Citation by Certified Mail Return for State Farm Lloyds. Served on 09/21/2023.* | |
| 10/16/2023 | **Answer/Contest/Response/Waiver       Index # 5** | |
| | *Defendant State Farm Lloyds' Original Answer and Jury Demand* | |
| 10/16/2023 | **Jury Demand       Index # 6** | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant or Respondent** State Farm Lloyds | | | |
| | Total Financial Assessment | | | 10.00 |
| | Total Payments and Credits | | | 10.00 |
| | **Balance Due as of 10/19/2023** | | | **0.00** |
| 10/16/2023 | Transaction Assessment | | | 10.00 |
| 10/16/2023 | E-filing | Receipt # 2023-38840-DCLK | State Farm Lloyds | (10.00) |
| | | | | |
| | **Plaintiff or Petitioner** Nimmons, Mary Lou | | | |
| | Total Financial Assessment | | | 445.00 |
| | Total Payments and Credits | | | 445.00 |
| | **Balance Due as of 10/19/2023** | | | **0.00** |
| 09/14/2023 | Transaction Assessment | | | 445.00 |
| 09/14/2023 | E-filing | Receipt # 2023-35180-DCLK | Nimmons, Mary Lou | (308.00) |
| 09/14/2023 | State Credit | | | (137.00) |